UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTIAN DOSCHER, *pro se*,<br><br>                      Plaintiff,<br><br>    v.<br><br>TIMBERLAND REGIONAL LIBRARY,<br>an Intercounty Rural Library District, *et al.*,<br><br>                      Defendants. | CASE NO. 3:22-cv-05340-RJB<br><br>ORDER ON TIMBERLAND REGIONAL LIBRARY DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants Timberland Regional Library ("Library"), Leanne Heald, Diane Froelich, Kayla Emerson, Mari Nowitz, Kendra Jones, Bob Hall, Nicolette Oliver, Bryan Zylstra, Hal Blanton, Jasmin Dickoff, Kenneth Sebby, Mathew Van Norman, Krika McCaleb, Trina Folley, Andrea Heisel, and Cheryl Heywood's (collectively "Library Defendants") Motion to Dismiss. Dkt. 22. The Court has considered the pleadings filed in support of and in opposition to the motion and the remaining file, and is fully advised.

Plaintiff Christian Doscher, proceeding *pro se*, brings this lawsuit against twenty-five defendants and claims twenty-seven causes of action arising out of two incidents at the Library on September 14 and 18, 2021. Dkt. 7. At that time, in addition to state and county health

department mandatory mask mandates, the Library had a masking policy in place in response to the COVID-19 pandemic. *Id.* at 5. Doscher claims that he has a disability that prevents him from wearing a covering over both his nose and mouth. *Id.* at 11. On both September 14 and 18, Library staff allegedly asked him to comply with the Library policy and, after he refused, called the police. *Id.*

Plaintiff alleges that the Library Defendants violated his rights under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, the Washington Law Against Discrimination, RCW 49.60, *et. seq.*, caused him to be unconstitutionally seized in contrary to his Fourth Amendment rights, (brought pursuant to 42 U.S.C. § 1983), and claims for conspiracy and negligence. Dkt. 7. Doscher requests damages, punitive damages, and both injunctive and declaratory relief. *Id.*

For the reasons set forth in this Order, the Library Defendants' motion to dismiss (Dkt. 22) should be denied as to the Plaintiff's ADA claim against the Library alone and granted as to his remaining claims.

## I. FACTS AND PROCEDURAL HISTORY

### A. FACTS

The facts set forth below are taken from the complaint and are assumed to be true for purposes of this motion only, and they are limited to those raised against the Library Defendants.

On September 14, 2021, the Library had a masking policy in place that read: "[s]tarting August 13, regardless of vaccination status all staff and patrons (5 and older) must wear a mask inside any Timberland Libraries." Dkt. 7 at 5. Doscher alleges he had been previously diagnosed with a breathing disability that caused him to become easily winded if he walked with a covering over both his mouth and nose. *Id.* at 11. There was also a state-wide policy in place

1  at the time that included recognizing mask exemptions for people with certain disabilities and

2  prohibited requiring proof of a disability. *See Id.* at 22. Doscher went to the Library on

3  September 14, 2021, wearing a mask over his mouth but not his nose. *Id.* at 4.

4        Doscher claims that he told a Library employee, Defendant Froelich, of his disability

5  when he arrived, and she permitted him to be at the Library partially masked for about an hour.

6  *Id.* at 13–14. He asserts that he was at the Library to use the isolated temperature-controlled

7  rooms, electrical sockets to charge his laptop, and the restrooms. *Id.* After about an hour, the

8  Plaintiff alleges that a different staff member, Defendant Emerson, told another staff member,

9  Defendant Heald, that Doscher requested a disability accommodation and was not wearing a

10 mask. *Id.* at 14. After a bit more conversation, the Plaintiff alleges that Heald called the

11 Tumwater Police Department and claimed that the Doscher refused to leave. *Id.* Doscher says

12 that he had never been asked to leave and that the employee lied to the police. *Id.*

13       Three Tumwater police officers, defendants Baughn, Brown, and Black, arrived soon

14 after the call. *Id.* at 21. Officer Baughn told Doscher that the Library had reported him for

15 refusing to wear a mask properly, or refusing to leave. *Id.* After allegedly questioning him about

16 whether Doscher was exempt from the mask requirement because of his disability, Officer

17 Baughn allegedly said, "you need to leave immediately." *Id.* at 22. Doscher requested that the

18 police make a written report of the incident to which Officer Baughn responded, "[w]e're not

19 going to make a written report of this, as it's not a criminal act unless you make it that way." *Id.*

20 at 23. According to Doscher, he felt compelled to follow the officer's direction to leave and left

21 with the officers without incident. *Id.* at 24. He was told that he could not return to the Library

22 for the rest of the day. *Id.*

23

24

ORDER ON TIMBERLAND REGIONAL LIBRARY DEFENDANTS' MOTION TO DISMISS - 3

A similar incident occurred on September 18, 2021. *Id.* at 32. Doscher returned to the Library, this time without a mask. *Id.* Library employee, Defendant Nowitz, asked him to wear a mask. *Id.* Doscher asserts that he explained that the governor's orders classified him as exempt, and asked for an "ADA disability accommodation" to use temperature regulated rooms, power outlets, and restrooms. *Id.* at 33. He asserts that he was told that "no accommodation . . . was possible." *Id.* at 34. Doscher claims that Nowitz called the police and told them that he refused to wear a mask and refused to leave. *Id.* at 35.

The Plaintiff asserts that the Tumwater police arrived and told Nowitz that she needed to indicate a willingness to prosecute Doscher for trespass; she declined and the officer left. *Id* He contends that after calling her supervisor, she called the police again and indicated that she would agree to prosecute him. *Id.* The police returned and gave Doscher a trespass warning document and told Doscher that he must stay out of the Library for the day. *Id.* at 38. He left the Library. *Id.*

### B. PENDING MOTION AND ORGANIZATION OF OPINION

In the pending motion, Library Defendants move to dismiss all claims arguing that Doscher does not have standing, that he has failed to state a claim for relief, that he is not entitled to the relief he seeks, and, at a minimum, that the Library's board members should be dismissed because they are immune from suit. Dkt. 22. The Library Defendants move the Court to take judicial notice of the "studies, articles, and medical opinions regarding the health and safety risks attributable to COVID-19." *Id.*

Doscher opposes the motion to dismiss. Dkt. 27. The Library Defendants filed a reply (Dkt. 31) and the motion is ripe for decision.

## II. DISCUSSION

### A. LIBRARY DEFENDANTS' MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE

Under Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."

The Library's motion for the Court to take judicial notice of the "studies, articles, and medical opinions regarding the health and safety risks attributable to COVID-19" should be denied as too general to be enforced. However, the following facts are in the record and should be judicially noticed: on February 29, 2020, Washington State Governor Jay Inslee declared a state of emergency and then issued proclamations covering the next several months in an attempt to slow the spread of COVID-19. www.governor.wa.gov/office-governor/official-actions/proclaimations (visited on September 27, 2022). As is relevant here, On January 5, 2021, the governor announced a new phased reopening plan called "Healthy Washington – Roadmap to Recovery" which included a mandatory mask mandate, with exceptions. *Id.*

### B. MOTION TO DISMISS STANDARD

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986).

When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 556.

1   Additionally, "a complaint filed by a *pro se* litigant, however inartfully pleaded, must be
2   held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,
3   551 U.S. 89, 94 (2007).  As such, courts must give *pro se* litigants notice of deficiencies in their
4   complaint and an opportunity to amend unless it is "absolutely clear that the deficiencies of the
5   complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir.
6   2007).

### C.  RULE 12(b)(1) MOTION TO DISMISS – STANDING

Article III of the U.S. Constitution "limits federal judicial power to 'Cases' and 'Controversies.'" *Van Patten v. Vertical Fitness GRP., LLC* 847 F.3d 1037, 1041 (9th Cir. 2017). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1160 (9th Cir. 2017).  "At an irreducible constitutional minimum, standing requires the party asserting the existence of federal court jurisdiction to establish three elements: (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) causation; and (3) a likelihood that a favorable decision will redress the injury." *Wolfson v. Brammer*, 616 F.3d 1045, 1056 (9th Cir. 2010)(*citing Lujan,* at 560-61).  The standing analysis must focus on the nature and source of Doscher's claim—discrimination as defined by Title II of the ADA.  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011).

The Plaintiff has sufficient standing to bring his ADA claim.  As to the first element, he has adequately alleged that he has been injured:  he has asserted that he is a person with a disability that was denied access to services at a place of public accommodation.

The Plaintiff has made a sufficient showing as to the second element "causation."  He has sufficiently shown that his inability to remain at the Library without a mask was caused, in part,

by the Library's policy.  His Complaint alleges that the governor and the health department had mandatory masking orders in place; those orders included exceptions for people with disabilities.  If his version of the events are believed, his injuries are fairly traceable to the Library's policy rather than to the other governmental orders in place.

Lastly, regarding the third element, a favorable decision on his ADA claim would redress his alleged injury.  While the Library argues that the mask mandates have now been lifted, there is no showing that mask mandates might be reissued at a later date.  The Plaintiff has standing to bring his ADA claims.

### D.  RULE 12(b)(6) MOTION TO DISMISS – FAILURE TO STATE A CLAIM

#### 1.  ADA and WLAD Claims

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132.

The Washington corollary, the WLAD, also prohibits discrimination based on a disability.  RCW 49.60, *et. seq*.  Although the WLAD offers protections "at least as broad" as those offered under the ADA, Washington courts look to federal case law interpreting remedial statutes like the ADA and Title VII "to guide interpretation of the WLAD." *Taylor v. Burlington N. R.R. Holdings Inc.*, 904 F.3d 846, 848–49 (9th Cir. 2018)(*quoting Kumar v. Gate Gourmet Inc.*, 180 Wash.2d 481, 325 P.3d 193, 197–98 (2014)(*internal quotation marks and footnotes omitted*).  Where the Washington Supreme Court has departed from federal antidiscrimination statute precedent, however, it has almost always ruled that the WLAD provides greater protections than its federal counterparts do.  *Id*.  Accordingly, the Plaintiff's disability claims under both the ADA

and WLAD will be analyzed together using federal law unless the WLAD differs, which will be specifically noted.

To prove that a public entity violated Title II of the ADA, a plaintiff must first show that: (a) they are a "qualified individual with a disability"; (b) they were either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or were otherwise discriminated against by the public entity; and (c) such exclusion, denial of benefits, or discrimination was by reason of their disability. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). Likewise, under the WLAD, a plaintiff must show that (a) they have a disability, (b) the defendant is a place of public accommodation, (c) they were discriminated against "by receiving treatment that was not comparable to the level of designated services provided to individuals without disabilities by or at the place of public accommodation;" and (d) their disability was a "substantial factor causing the discrimination." *Fell v. Spokane Transit Auth.*, 128 Wn.2d 618, 637 (1996).

    a. *Individual with a Disability*

The Plaintiff has sufficiently alleged that he is a "qualified individual with a disability" for purposes of the ADA and the WLAD. The ADA defines a "qualified individual with a disability" as:

> An individual with a disability who, with or without reasonable modifications to rules, policies, or practices . . . or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2). A "disability" is defined as "[a] physical or mental impairment that substantially limits one or more of the major life activities[.]" 28 C.F.R. § 35.108. "Major life activities include, but are not limited to: "caring for oneself, performing manual tasks, seeing, . . . walking, . . . breathing . . ." *Id*.

1    The Plaintiff alleges that he "was diagnosed with a breathing difficulty" and that his
2 difficulty involves "respiratory ailments" and "general panic due to childhood trauma." Dkt. 7.
3 He maintains that his breathing difficulty causes him to become winded if he walks 20 feet or
4 more with a mask over his nose and mouth. *Id.* He asserts that if he wears a mask over his nose
5 and mouth he becomes "lightheaded and panicked." *Id.* He has plausibly shown that his
6 Plaintiff's breathing difficulties qualify him as an individual with a disability under the statute.
7 His remaining allegations are a recitation of the statutory language. The Plaintiff has sufficiently
8 alleged that he has a disability for purposes of the ADA and the WLAD.

9           b.   *Excluded from or Denied Benefits or Discriminated Against by a Public Entity*

10   To the extent that the Plaintiff brings claims against individually named Defendants, his
11 ADA and WLAD claims should be dismissed because individuals are not "places of public
12 accommodation." "Individual defendants may not be sued in their individual capacities under
13 Title II of the ADA." *See Becker v. Oregon,* 170 F.Supp. 1061, 1066 (noting that defendants
14 under Title II are "any public entity"); 42 U.S.C. § 12131. Likewise, the WLAD does not
15 include individuals in its definition of "place of public accommodation." RCW 49.60.040(2).
16   The parties do not dispute that the Library is a place of public accommodation for
17 purposes of both statutes.
18   The Plaintiff has plausibly alleged that the Library excluded him services from services,
19 denied him benefits that it offered other patrons, or otherwise discriminated against him. The
20 Plaintiff alleges that the Library offered the use of its outlets, restroom and interior spaces to
21 people without breathing difficulties. He contends that he was not at the Library to check out
22 books, for which, he concedes it provided accommodation for those who were unable to wear a
23 mask. While the Library maintains that use of outlets, restrooms and interior spaces are not the
24

primary services it offers, it fails to point to any authority which provides that the ADA only protects people with disabilities from discrimination for an entity's primary services.

### c. By Reason of Disability or Substantial Factor

The Plaintiff has plausibly allege that the Library Defendants denied him an accommodation "by reason of his disability" under the ADA or that his disability was a "substantial factor causing the discrimination" for purposes of the WLAD.  The Complaint acknowledges that at the time of these events, the Library was forced to comply with the Washington State governor's mandatory mask orders and the Thurston County Health Department mask orders.  All parties acknowledge that there were exceptions to those mandatory masking orders for people with disabilities.

The Library argues that several of the ADA's affirmative defenses apply. Dkt. 22.  For example, it maintains that the defenses of being forced to offer the Plaintiff his desired accommodation (no mask) would fundamentally alter the nature of its services, be an undue burden, and his accommodation would be a direct threat to other Library patrons and staff. *Id*.  "[T]he assertion of an affirmative defense may be considered properly on a motion to dismiss where the allegations in the complaint suffice to establish the defense." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013).  The allegations in Doscher's Complaint are not sufficient to analyze the Library Defendant's affirmative defenses.  While those defenses may be well taken, the current record is inadequate to fully assess their validity.

The ADA and WLAD claims against the Library should not be dismissed.

2. <u>Federal Constitutional Claims asserted against the Library Defendants</u>

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the

conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). To state a civil rights claim, a plaintiff must set forth the specific factual bases upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Vague and conclusory allegations of official participation in a civil rights violations are not sufficient to support a claim under § 1983. *Ivey v. Bd. of Regents*, 673 F.2d 266 (9th Cir. 1982). To bring a § 1983 claim against a municipality or municipal policy maker, the plaintiff must plausibly allege that official policy or practice was the "moving force" behind the alleged constitutional violation. *Monell v. Dep't of Soc. Servs. of City of New York*, 98 U.S. 658, 694–95 (1978).

Doscher asserts in his Complaint that he was unreasonably seized by the police officers in violation of the Fourth Amendment. Dkt. 7. He alleges that the Library Defendants, by calling the police to have him removed from the Library, caused his unconstitutional seizure. *Id.*

Doscher's Fourth Amendment claims asserted against the Library Defendants should be dismissed. On August 30, 2022, Plaintiff's Fourth Amendment claims asserted against the police officers were dismissed. Dkt. 21. The Court found that he was not "seized" for purposes of the Fourth Amendment. *Id.* His Fourth Amendment claims against the Library Defendants hinge on the success of the Fourth Amendment claims against the officers. Doscher maintains that the officers impermissible seizure of him was "caused" by the Library. Where no seizure occurred, he fails to plausibly plead that the Library violated his Fourth Amendment rights by causing the violation when no violation occurred. Accordingly, his Fourth Amendment claims against the

Library Defendants should be dismissed.

To the extent he attempts to assert an ADA claim against the individual Library Defendants pursuant to 42 U.S.C. § 1983, his claim should also be dismissed for failure to state a claim. "[A]n individual cannot be sued under section 1983 for violations of Title II of the ADA." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002)(noting that the "comprehensive remedial scheme of Title II of the ADA" barred section 1983 claims against defendants in their individual capacities).

To the extent he attempts to assert an ADA claim against the Library pursuant to 42 U.S.C. § 1983, his claim should also be dismissed for failure to state a claim. "[A] comprehensive remedial scheme for the enforcement of a statutory right creates a presumption that Congress intended to foreclose resort to more general remedial schemes to vindicate that right." *Vinson* at 1155. Title II of the ADA contains a "comprehensive remedial scheme." Accordingly, the Plaintiff must bring his Title II ADA claim against the Library as an ADA claim and not pursuant to section 1983.

Doscher also asserts a claim for conspiracy against all Defendants. Dkt. 7. His claim for conspiracy against the Library Defendants should be dismissed because he has failed to allege facts in support of his conspiracy claim, to the extent it is based on violation of some or other of his rights. Further, to the extent he asserts that the Library Defendants conspired with the police to violate his rights, that claim was dismissed on August 30, 2022. Dkt. 21.

       3. <u>Negligence</u>

Under Washington law, to establish a claim for negligence, "a plaintiff must prove four basic elements: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause." *Ranger Ins. Co. v. Pierce Cty.*, 164 Wn.2d 545, 552 (2008)(*internal quotation marks and citations omitted*). The Library Defendants argue that the Plaintiff's negligence claim

should be dismissed because he has failed to adequately plead that it had a duty to him (which it argues it does not under the public duty doctrine) and that it was not the proximate cause of the Plaintiff's alleged injuries.

The Library Defendants' motion to dismiss the Plaintiff's negligence claims with prejudice should be granted. The Plaintiff did not respond to the motion to dismiss the claim. In any event, the motion has merit for the reasons stated therein and above.

        4. <u>Claims for Injunctive Relief, Damages and the Claim of the Library's Individual Board Members' for Immunity from Suit</u>

The Library Defendants move to dismiss the Plaintiff's claims for injunctive relief, and claims for damages, and claims for punitive damages, with prejudice. Dkt. 22. The Plaintiff does not meaningfully address their arguments.

The motion to dismiss Plaintiff's claims for injunctive relief and punitive damages have merit and should be granted. To the extent that the Plaintiff claims monetary damages against the Library for violation of his rights under the ADA, that claim should <u>not</u> be dismissed.

The Library Defendants move to dismiss claims brought against the Library's board members based, in part, on their immunity from suit under RCW 4.24.470(1). Dkt. 22. The Plaintiff does not meaningfully address their arguments.

The motion to dismiss claims asserted against the Library's board members also has merit. The motion to dismiss the claims asserted against them should also be granted based on their immunity from suit under RCW 4.24.470(1).

**E. CONCLUSION**

The Library Defendants' Motion to Dismiss (Dkt. 22) should be denied as to the Plaintiff's ADA claim (and his claim for damages as a result) against the Library and granted as to his remaining claims. All the Plaintiff's claims asserted against the individually named Library

ORDER ON TIMBERLAND REGIONAL LIBRARY DEFENDANTS' MOTION TO DISMISS - 14

Defendants should be dismissed with prejudice. Further, the Plaintiff should not be granted leave to amend his complaint, because it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (2007).

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants Timberland Regional Library, Leanne Heald, Diane Froelich, Kayla Emerson, Mari Nowitz, Kendra Jones, Bob Hall, Nicolette Oliver, Bryan Zylstra, Hal Blanton, Jasmin Dickoff, Kenneth Sebby, Mathew Van Norman, Krika McCaleb, Trina Folley, Andrea Heisel, and Cheryl Heywood's
    - Motion for Judicial Notice (Dkt. 22) **IS DENIED**; and
    - Motion to Dismiss (Dkt. 22) **IS DENIED,** as to the Plaintiff's ADA claim against the Library**, and GRANTED,** as to the Plaintiff's remaining claims against the other Library Defendants.
- All claims asserted against Defendant Timberland Regional Library, except Plaintiff's claim for violation of the ADA (and resulting damages), **ARE DISMISSED WITH PREJUDICE**; and
- Defendants Leanne Heald, Diane Froelich, Kayla Emerson, Mari Nowitz, Kendra Jones, Bob Hall, Nicolette Oliver, Bryan Zylstra, Hal Blanton, Jasmin Dickoff, Kenneth Sebby, Mathew Van Norman, Krika McCaleb, Trina Folley, Andrea Heisel, and Cheryl Heywood **ARE DISMISSED** from this matter.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of September, 2022.

_Robert J. Bryan_
ROBERT J. BRYAN
United States District Judge